# GULF, M. & N. R. Co. *v.* SEYMOUR.*

(Division B. Oct. 3, 1927.)

[114 So. 35. No. 26570.]

1. APPEAL AND ERROR. *Trial. On conflicting evidence, questions of veracity and credibility are for jury only; on conflicting evidence, appellate court will not disturb jury's finding except for misdirection as to law.*

   Where there is a conflict in the evidence, questions of veracity and credibility are for the jury alone, and the court will not disturb the jury's finding unless the jury is misdirected as to the law.

2. RAILROADS. *Railroad company failing to give statutory warning is guilty of negligence.*

   It is the duty of a railroad company, in approaching a highway crossing, to give the warning required by statute, and, if it fails to do so, it is guilty of negligence.

3. NEGLIGENCE. *Where circumstances show both parties guilty of negligence, verdict proportioning damages for injury at railroad crossing will not be disturbed.*

   Where, in a case of injury to a truck by the railroad locomotive at a public highway crossing, under circumstances showing both parties to be guilty of negligence, and the damage done to the truck amounts to one thousand seven hundred and fifty dollars and the jury returns a verdict for eight hundred fifty dollars, the court will not disturb the action of the jury in proportioning the damages under the statute.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 858, n. 3; Negligence, 29Cyc, p. 561, n. 37; Railroads, 33Cyc, p. 968, n. 8; Trial, 38Cyc, p. 1518, n. 69. As to effect of failure of railroad company to comply with statutory requirements as to giving of signals at crossings, see annotation in L. R. A. 1915E, 535; 22 R. C. L. 999.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.

Action by R. H. Seymour against the Gulf, Mobile & Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Welch & Cooper,* for appellant.

Appellee for recovery relies upon the failure of appellant to give the crossing signals and upon the failure of the engineer to use ordinary care to prevent the accident after the peril was discovered. Appellant filed the general issue with notice thereunder to the effect that the accident resulted from the driver's negligence and not the negligence of the appellant.

I. Appellant at the close of the whole case requested a peremptory instruction. It was refused. This action of the court was erroneous and for two reasons: (a) On the undisputed evidence here, the driver after seeing the train decided to take a chance. The bell and whistle statute had no effect. And the peremptory instruction for this reason should have been granted. (b) Again the burden of complaint is the failure to give the crossing signals. Is there any real conflict? The engineer swears he blew the whistle and that the fireman was ringing the bell. The fireman swears to the same thing. McCarty swears to the fact that the whistle was blown. He did not remember hearing the bell, but would not swear that it was not ringing.

The driver says the whistle was not blown nor was the bell rung. His helper swears he "aint heard it" and that it was not rung. Here we have the engine crew, men in position to know, swearing that the signals were given. We have, too, a witness to the accident who was neither on the truck nor the train. He says the crossing signal was given. Two men on the truck say it was not. They were together. It is urged that this is a conflict. We say not, because Gordon, the driver, in speaking of the noise of his truck and the presence of the sun said: "I could not hear anything and could not see anything." Sound is detected by the ear. No sound is heard. We say there is no sound. What value has testimony to the effect that a whistle was blown when the same testimony

shows that other noises prevented hearing? We say none.

II. We assign as error the action of the court in submitting to the jury the question of whether the engineer exercised reasonable care to stop the train when the peril of the driver and truck was discovered. Under the facts in this case there could be no such issue.

This court adheres to the rule that the engineer has the right to assume that one approaching a track will not enter upon the track until it reasonably appears to the contrary. Under the circumstances here any reasonable man would have assumed that the driver was not going on the track.

It may be said that the engineer was impeached. It is very true that appellee swore that the engineer told him that he thought the truck was over and did not put on the brakes. The engineer denies this emphatically. This is not evidence that he did put on the brakes. It is only impeaching evidence. But the fireman said the same thing as the engineer did and he is not impeached. In other words, we have the same situation as was presented in *G. M. & N. R. R. Co.* v. *Jones,* 102 So. 385, 137 Miss. 631. There the engineer was impeached but the fireman who testified to the same effect was not.

We submit, therefore, that the court by granting the instructions submitted to the jury an issue that did not exist. It is a false issue. And this action was error.

III. We say, too, that the damages are excessive. Assume for the sake of argument that appellant was guilty of gross negligence. This court and the lower court fixed appellee's negligence in the same degree. Our statute fixes the proportion. And with this assumption, appellant's liability should not be more than half the damage. And this according to appellee's own testimony would have been one-half of eleven hundred twenty dollars or five hundred sixty dollars. The verdict of the jury was eight hundred seventy-five dollars.

But appellant, if guilty of any negligence at all, was certainly not guilty of gross negligence. And this renders the verdict more excessive.

*Reily & Parker* and *S. A. Witherspoon,* for appellee.

The jury had a situation to pass upon where the driver of the truck had to look into the blinding rays of the setting sun in order to look toward the train. The driver of the truck was busily engaged in dodging traffic. The engineer had nothing to do but to be careful not to plunge into this stream of traffic at a dangerous rate of speed. The engineer had nothing to absorb his attention, while the driver of the truck with its heavy load of furniture, was as busy as he could be in attempting to get over the road with his load. A situation like this would appeal to the reason of any man and cause him to see that the driver of the truck was at a disadvantage in the matter and was less negligent in a collision than the engineer.

While it is true that the railroad company's witnesses testified that the whistle was blown, one of them left it seriously in doubt as to whether or not it was blown within the distance required by the statute for the engineer to blow the whistle, a thousand feet away, which could easily have been two thousand feet at some other crossing, and then do nothing else either toward checking his speed or ringing his bell until after he had run over the appellee's truck, which could not comply with the law, and the testimony of the railroad company's witnesses themselves leaves it very much in doubt but what such was the case in this instance.

This case was tried by an intelligent judge who had the opinion of the court in the former trial before him, and we feel confident that this court will find no departure from its former opinion in any ruling of the court upon the evidence or in passing upon the instructions. The appellant was accorded every right to which it was legally entitled in the trial, and the former opinion of the

court was followed to the letter in the instructions given by the lower court.

As to the measure of damages, the appellant's argument is wholly fallacious in that it disregarded entirely the fact that all of the labor that was done in repairing the truck was done by appellee's own employees who did their own repair work. The items which add up. to six hundred thirty dollars were merely the cost of the parts which had to be purchased by the appellee to go into the truck. The labor done by the appellee's employees is not included in the six hundred thirty dollars. at all.

Argued orally by *Ellis B. Cooper,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

Appellee sued the appellant for injuring a truck which was struck by a train of appellant just south of the city limits of Meridian, on the Meridian and Quitman highway. Appellee's driver approached Meridian with a truck load of furniture, about five or five-thirty in the afternoon of a bright June day, proceeding north. The train of appellant was proceeding east, approaching this highway crossing, and struck the truck in the rear and knocked it some distance, inflicting considerable damage.

The testimony for the plaintiff was that, on account of the sun's rays being so blinding, it was impossible for the driver to see the train's approach, although he attempted to look; that the whistle was not sounded for the crossing, and the bell was not rung, and the driver and a witness accompanying the driver did not see the train until it was right upon them.

The testimony showed that the train was in an open space, right in the line of vision from the railroad crossing for some four hundred fifty yards. The engineer and fireman testified that, when the driver of the truck was approaching, he slowed down and they thought he was

going to turn along the highway running parallel with the railroad, and when they saw he was going to cross, they applied the emergency brake, reversing the engine, and did all they could to stop, but were unable to do so. They further testified that the whistle was sounded at about one thousand feet from the crossing, and that the fireman was ringing the bell continuously from that time until the truck was hit.

One McCarty, who owns a store near the crossing, testified that the whistle was blown at the board, but that he did not remember hearing the bell ring.

The proof showed that prior to the injury the truck was worth two thousand five hundred dollars, and was operating all right, and made but little noise, and that after the injury it was only worth seven hundred fifty dollars, leaving a value destroyed by the collision of one thousand seven hundred fifty dollars; also that it took six hundred thirty dollars to repair and place in a usable condition, and that it is badly injured and parts of it are out of alignment. The jury returned a verdict for eight hundred fifty dollars.

The case was here before on a former appeal, and the court, in effect, held that the driver was guilty of contributory negligence in not stopping under conditions described by the driver, and the court below peremptorily instructed the jury that the driver of the truck was guilty of negligence.

The chief contention of appellant is that appellant should have had a peremptory instruction. After a painstaking consideration of the evidence, as contained in the record, we think appellant's contention in this regard is not well taken.

While proof for the defendant appears, at least, in the number of witnesses, to preponderate, still, that is a question for the jury, and we think the jury had the evidence to find the appellant guilty of negligence in approaching the crossing as testified to by plaintiff's witnesses.

We think there is no merit in the contention that the two instructions assigned as error were improperly given plaintiff because the evidence did not support the hypothesis contained therein.

The judgment will, accordingly, be affirmed.

*Affirmed.*